### In re MORGAN STANLEY & CO., INC., OVERTIME PAY LITIGATION (NO. II)

**Janemarie Lenihan v. Morgan Stanley & Co., Inc., et al., D. Connecticut, C.A. No. 3:06-794**

**Joseph Stowell, Jr. v. Morgan Stanley DW, Inc., C.D. Illinois, C.A. No. 1:06-1219**

**Robert Steinberg v. Morgan Stanley & Co., Inc., et al., D. New Jersey, C.A. No. 2:05-4856**

**Paul Roles v. Morgan Stanley & Co., Inc., et al., E.D. New York, C.A. No. 2:05-4553**

**David Andrew Gasman, et al. v. Morgan Stanley, S.D. New York, C.A. No. 1:05-7889**

**Kyle R. Armitage v. Morgan Stanley & Co., Inc., E.D. Texas, C.A. No. 1:06-347**

No. 1806.

Judicial Panel on Multidistrict Litigation.

Dec. 27, 2006.

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

### TRANSFER ORDER

This litigation currently consists of six putative class actions [1] pending, respectively, in each of the following districts: the District of Connecticut, the Central District of Illinois, the District of New Jersey, the Eastern District of New York, the Southern District of New York, and the

---

1. As originally filed, the Section 1407 motion included a seventh action pending at the time in the Southern District of Florida: *Jennifer Taub v. Morgan Stanley DW, Inc.,* C.A. No. 06–60921. That action has since been settled, and the district court has entered an order approving the settlement agreement and dismissing the action with prejudice. Accordingly, the question of Section 1407 transfer with respect to this action is moot.

Eastern District of Texas.[2] Plaintiffs in the Central District of Illinois and the Eastern District of Texas actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Illinois. Defendants Morgan Stanley & Co. (Morgan) and a Morgan affiliate, joined by plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions, do not oppose centralization, but argue in favor of the Southern District of California as transferee forum.

On the basis of the papers filed and the hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the six actions raises allegations that the Morgan defendants violated the Fair Labor Standards Act and state labor laws by i) misclassifying certain of their sales employees as exempt from overtime pay requirements and/or ii) making improper deductions from those employees' compensation. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of California is an appropriate transferee forum for this docket. An earlier action against the Morgan defendants raising similar claims has just recently settled in that district. More significantly, the Morgan defendants and the plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions state that they have reached a "global settlement" under which a consolidated complaint would be filed in the California district, the matter would be related to the now-settled Southern District of California action, and Judge Roger T. Benitez, who presides over the Southern California action, would administer a settlement resolving the claims against defendants on a nationwide basis. Transfer to the Southern District of California would thus place this litigation before a judge already familiar with the issues in the litigation and may further enhance the prospects for a just and speedy resolution of all MDL-1806 actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Roger T. Benitez for coordinated or consolidated pretrial proceedings.

---

**2.** The Panel has been notified of three additional related actions pending as follows: two actions in the Southern District of California and one action in the District of New Jersey.

These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).